IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) INJUNCTIVE RELIEF SOUGHT |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: |
| | ) |
| ISSAC'S CREAMERY, INC. d/b/a | ) |
| COLD STONE CREAMERY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against the Defendant ISSAC'S CREAMERY, INC. d/b/a Cold Stone Creamery ("Defendant") and seeks declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) because the Defendant is located in the Northern District of Illinois, Eastern Division and all events giving rise to the lawsuit occurred in this judicial district.

1

**PARTIES**

3.     Plaintiff, HOWARD COHAN is a resident of the state of Florida residing in Palm Beach County, Florida.

4.     Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of the Real Property, which is subject to this lawsuit, and is located at 7105 Grand Ave., Gurnee, IL 60031 ("Premises") and is the owner of the improvements where the Premises is located.

5.     The Premises is a restaurant thereby making it a place of public accommodation.

6.     Defendant is authorized to conduct and is, in fact, conducting, business within the state of Illinois.

**PLAINTIFF'S DISABILITIES**

7.     Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.  The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities, including moving, sitting and standing.

8.     At the time of Plaintiff's visits to the Premises on July 22, 2025 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required the use of a handicap parking space and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises, but was denied full and equal access and full

and equal enjoyment of the facilities, services, goods and amenities within the Premises, even though he would be classified as a "bona fide patron".

9.     Except for the period of the pandemic in 2020 and 2021, Plaintiff frequently travels to Illinois and had averaged at least two (2) trips per year for the past ten (10) years. Recently, these trips include the Northern suburbs of Chicago where Plaintiff enjoys meeting with his friends and attorneys and visiting the area's restaurants and shops. He intends to return to the Northern suburbs of Chicago in 2026 in the summer and/or fall, subject to his physical ability to do so.

10.     When Plaintiff arrives in Northern suburbs of Chicago, he looks for restaurants where he can eat or enjoy desert that will accommodate his disabilities. This includes visiting multiple restaurants, including the Defendant's restaurant.

11.     While Plaintiff does not pre-determine what violations, if any, exist, it is not uncommon for many of the restaurants that he visits to have the same, or similar, ADA violations, because what they all have in common is a parking lot, dining area and restrooms.

12.     Plaintiff is familiar with other restaurants in the Northern suburbs of Chicago, having visited many. Through these visits, Plaintiff found that many of the area's restaurants have failed to comply with the ADA and, as a result, have discriminated against Plaintiff and other persons with disabilities by maintaining architectural and other barriers that deny the disabled full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the restaurant. Accordingly, before Plaintiff selects a restaurant to eat in, he tries to personally visit it to ensure it is ADA compliant, even when it advertises itself as such.

13.     Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public

3

accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the public accommodation to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

**DEFENDANT'S VIOLATIONS OF THE ADA**

14. On July 22, 2025, Plaintiff visited the Defendant's Premises to determine whether it would be an adequate restaurant for a person with disabilities to eat or drink at, including himself, while visiting Gurnee and the Northern suburbs of Chicago.

15. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found in the Men's Restroom:

    a. Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space in violation of 2010 ADAAG§§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1 when resolution is readily achievable. (Move trash can out of the clear floor area).

    b. failure to provided flush controls shall be located on the open side of the water closet in violation of 2010 ADAAG §§604 and 604.6.

    c. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG§§604, 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.

    d. Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§604, 609 and 609.4.( Rear Grab Bar).

4

e.  Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor 2010 in violation of ADAAG§§603, 603.3 when resolution is readily achievable.

f.  Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1 and 306.3.

g.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

h.  Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§604, 604.5., 604.5.1, 604.5.2, 609 and 609.4.

i.  Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG§§606, 606.1, 308 and 308.2.2. (lock is too high and operable parts must be tight grasp and pinch).

j.  Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4.(Latch is not closing correctly).

k.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

l.  Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

m.  Failing to provide a soap dispenser, hand sanitizer, or other similar operable element in a secure mounted and accessible position such that the operable part can be used with one hand in violation of 2010 ADAAG §§606, 308 and 309.4. (The soap dispenser must be operable with one hand and securely mounted).

16.  The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full

5

and equal enjoyment of the facilities, services, goods and amenities within the Premises that were afforded to able-bodied members of the community using the Premises.

17.    As a result of the foregoing ongoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at the Premises because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and many years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

18.    Plaintiff would like to be able to be a patron of the Premises in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

19.    Plaintiff, in his individual capacity, will return to the Premises and avail himself to the services offered at the Premises when Defendant modifies the Premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

20.    Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

21.    Additionally, Plaintiff, in his capacity as a tester, intends to return to the Northern suburbs of Chicago in 2026 in the summer and/or fall, subject to plaintiff's physical condition, to determine if any of the previously discovered ADA violations at Defendant's Premises and other places of public accommodation have been rectified. If places have made agreements with Plaintiff

to rectify any specific ADA violation, Plaintiff will also return within a reasonable time after the period for making the remediations have expired to confirm compliance.

22.     Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23.     To the best of Plaintiff's belief and knowledge, at the time of filing this lawsuit Defendant has failed to eliminate the specific violations set forth in paragraph 15 above.

24.     Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

25.     To date, the readily achievable barriers and violations of the ADA still exist at the Premises and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

26.     As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

27.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993, the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

28.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993, the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

29.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

30.     Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

31.     The violations alleged in paragraph 15 above are readily achievable to modify in order to bring the Premises into compliance with the ADA and when in compliance, the Plaintiff will return to enjoy the facilities to the same extend non-disabled patrons currently enjoy the facilities.

32.     In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 15 above, the 1991 ADA Standards apply.

33.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

a.  This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

b.  This Court enter an Order requiring Defendant to alter the Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c.  This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

d.  This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

e.  This Court award such other and further relief as it may deem necessary, just and proper.

Respectfully submitted,

HOWARD COHAN

By: _/s/ Marshall J. Burt_
One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
1338 S. Federal St. #L
Chicago, IL 60605
312-854-3833
marshall@mjburtlaw.com
IARDC #6198381